UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK FARBER, | Civil No. 13-1149 (DWF/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| SCOTT FISHER, | |
| Respondent. | |

Petitioner, a federal prisoner, commenced this action by filing an application for a writ of habeas corpus under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

On May 13, 2013, Petitioner filed a habeas corpus petition that presented claims pertaining to his incarceration by the federal Bureau of Prisons. It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the conditions of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was stricken (without prejudice) pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (See Order dated May 20, 2013; [Docket No. 5].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay an initial partial filing fee in the amount of $75.40, pursuant to 28 U.S.C. § 1915(b)(1). The Court's prior order expressly advised Petitioner that if he did not file an amended pleading, and pay

his initial partial filing fee, by June 14, 2013, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed a civil complaint, nor has he paid the required initial partial filing fee. Petitioner has offered no excuse for his failure to comply with the prior order. Indeed, Petitioner has not communicated with the Court at all since he commenced this action nearly two months ago. Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

### RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 9, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 23, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.